UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY NIKOLAEVICH AKIMENKO, <br> Plaintiff, <br> v. <br> ALEJANDRO MAYORKAS, et al., <br> Defendants. | Case No. 21-cv-03738-DMR <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS** <br> Re: Dkt. No. 21 |

Plaintiff Andrey Nikolaevich Akimenko filed this action for a writ of mandamus seeking to compel the adjudication of his Form I-485 Application to Adjust Status to Permanent Residence. He named the following individuals as Defendants: Alejandro Mayorkas, Secretary of the Department of Homeland Security ("DHS"); Tracy Renaud, Acting Director, U.S. Citizenship and Immigration Services ("USCIS"); and John Kramar, District Director, USCIS's San Francisco Field Office. Akimenko was represented by counsel at the time he filed the complaint but now represents himself. Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint on the ground that the case is moot because USCIS denied the application to adjust status on October 7, 2021.[1] [Docket No. 21.] Akimenko opposes the motion. [Docket No. 25.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In this action, Akimenko challenges Defendants' failure to adjudicate his Form I-485

---

[1] Defendants makes a factual attack on subject matter jurisdiction, relying on extrinsic evidence outside the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("in a factual attack [on jurisdiction], the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."). [*See* Docket Nos. 21-1 (Gydesen Decl., Dec. 15, 2021), 26-1 (2d Gydesen Decl., Feb. 3, 2022).]

application to adjust status to that of lawful permanent resident in a timely manner. Akimenko filed his I-485 application with the Department of Homeland Security ("DHS") and USCIS on May 22, 2017. Compl. ¶ 2, Ex. A. He alleges that he is the beneficiary of an approved Form I-140 Immigrant Petition for Alien Worker, which was filed on his behalf by a company named VAAS, and therefore is eligible to adjust his status to that of a lawful permanent resident under 8 U.S.C. § 1255(a). Compl. ¶¶ 17, 28, Ex. B (May 2, 2018 Notice of Action); 2d Gydesen Decl. ¶¶ 2, 3. Section 1255(a) states in relevant part:

> **(a) Status as person admitted for permanent residence on application and eligibility for immigrant visa**
>
> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C.A. § 1255(a). *See* Compl. ¶ 28. Akimenko asserts that he "is not subject to any grounds of inadmissibility barring him from adjusting his status in the United States." *Id*. at ¶ 17.

Akimenko alleges that he appeared for three interviews before USCIS and submitted a timely response to a Request for Evidence in connection with his application, but that USCIS has unreasonably delayed and refused to adjudicate his application to adjust status. Compl. ¶¶ 12-15, 29, Exs. A, C, D, E. He filed the complaint on May 18, 2021 under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., seeking a writ of mandamus to compel Defendants to adjudicate his I-485 application to adjust status "without further delay." Prayer for Relief.

On July 16, 2021, the parties filed a stipulation to stay the proceedings until October 15, 2021, pending USCIS's review and adjudication of Akimenko's I-485 application. The court granted the stipulation and stayed the case the same day. [Docket Nos. 11, 12.]

On October 5, 2021, USCIS issued an 11-page decision revoking its approval of the Form I-140 petition filed by VAAS on Akimenko's behalf. 2d Gydesen Decl. ¶ 3, Exhibit (Oct. 5, 2021 Decision). On October 7, 2021, USCIS denied Akimenko's Form I-485 application on the ground that the underlying qualifying visa petition (the Form I-140 petition) had been revoked. Gydesen

Decl. ¶ 4, Exhibit (Oct. 7, 2021 Decision) ("Since the underlying immigrant visa petition has been revoked, it cannot . . . confer an immigrant visa or serve as a basis for adjustment.").

On October 15, 2021, the parties filed a joint status report in which they noted that USCIS had adjudicated Akimenko's I-485 application and asked the court to continue the stay of the case until November 15, 2021 "to allow [Akimenko] sufficient time to review the decision of the USCIS and dismiss the action." [Docket No. 13.] The court granted the request and ordered the parties to file a joint status report by November 15, 2021. [Docket No. 14.]

On November 8, 2021, Akimenko's counsel moved to withdraw from representing Akimenko on the ground that Akimenko had forbidden his counsel "from taking any action on the matter, up to and including filing a notice of voluntary dismissal" and that the parties were "at an impasse and unable to proceed in this matter." [Docket No. 15.]

The parties failed to file a joint status report by the November 15, 2021 deadline. Accordingly, the court ordered the parties to file one by November 19, 2021. [Docket No. 16.] The parties filed a joint status report on November 18, 2021 in which they referenced the pending motion to withdraw which was precipitated by "a breakdown in communication between Plaintiff and his counsel," and asked that the court stay the proceedings until December 15, 2021 to allow time for Defendants to file a response to the complaint. [Docket No. 17.] The court set a hearing on the motion to withdraw and ordered Akimenko to personally appear. The court also ordered Defendants to file a response to the complaint by December 15, 2021. [Docket No. 19.]

Defendants filed the instant motion to dismiss the complaint on December 15, 2021. No opposition was filed. The court held a hearing on January 13, 2021 and granted the motion to withdraw and extended the deadline for Akimenko to file any opposition to the motion to dismiss to January 27, 2022. It ordered Defendants to file a reply by February 3, 2022. [Docket No. 24.] Akimenko timely filed an opposition to which Defendants filed a reply. [Docket Nos. 25, 26.]

## II.     LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by

1    prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve
2    a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation
3    and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a
4    facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242
5    (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are
6    insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.
7    In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would
8    otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look
9    beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*,
10   227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not
11   preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v.*
12   *Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

### III. DISCUSSION

Defendants move to dismiss the complaint, arguing that the case is moot because USCIS has now adjudicated Akimenko's I-484 application.

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). As standing is a jurisdictional issue, it is properly addressed by a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quotation omitted). "Because the power of a federal court to decide the merits of a claim ordinarily evaporates whenever a prerequisite to standing disappears, the doctrine of mootness has been described as the doctrine of standing set in a time frame." *Id*. (quotation marks and citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1274 (9th Cir. 1998) (quotation omitted); *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) ("An action is moot if it

has lost its character as a present, live controversy."). "[I]n deciding a mootness issue, the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988) (emphasis in original) (quotation omitted).

      The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The complaint alleges that it is "an action to compel USCIS to adjudicate [Akimenko's] unreasonably delayed" I-485 application. Compl. ¶ 7 (citing 28 U.S.C. § 1361); *see also* Prayer for Relief (requesting an order "[c]ompel[ling] Defendants . . . to take all appropriate action to adjudicate [Akimenko's] I-485 Application to Adjust Status without further delay"). It is undisputed that Defendants adjudicated the application and denied it on October 7, 2021. Therefore, there is no outstanding duty the court could compel Defendants to perform and no remaining relief Akimenko can obtain under the Mandamus Act with respect to the I-485 application. The case is moot. *See Kuzova v. U.S. Dep't of Homeland Sec.*, 686 F. App'x 506, 508 (9th Cir. 2017) (affirming dismissal on mootness grounds of claims for injunctive and declaratory relief based on unreasonable delay and actions in violation of the APA (citing *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995))); *Peng v. Gonzales*, No. C-06-07872 JCS, 2007 WL 2141270, at *5 (N.D. Cal. July 25, 2007) (dismissing as moot claim seeking adjudication of I-485 application after USCIS denied application in writing).

      In response, Akimenko argues that Defendants "have never adjudicated" his I-485 application and instead made it "invalid" by revoking the underlying I-140 petition. Opp'n 1. Akimenko's position is without merit. USCIS denied the I-485 application on October 7, 2021 on the ground that he was not eligible for adjustment of status:

> The record of proceeding establishes that your adjustment of status is based on a first-preference (multinational executive or manager) Form I-140, Immigrant Petition for Alien Worker filed on your behalf by VAAS on May 22, 2017. USCIS revoked the approval of that petition in a decision dated October 5, 2021. Since the underlying immigrant visa petition has been revoked, it cannot . . . confer an immigrant visa or serve as a basis for adjustment.

5

Oct. 7, 2021 Decision at 1. USCIS adjudicated the I-485 application and it is no longer pending. Therefore, his request for a writ of mandamus compelling Defendants to act on the application is moot.

Akimenko also contends that USCIS's revocation of the I-140 petition was illegal, unreasonable, and groundless and was "revenge or persecution [of him] on racial, political, or other grounds." Opp'n 3-4. However, any assertion that USCIS wrongfully revoked the I-140 petition is not pled in the operative complaint, which challenges only USCIS's failure to adjudicate the I-485 application in a timely manner. *See* Compl. ¶¶ 7, 11. Akimenko may not amend the complaint through his opposition to the motion to dismiss. *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1020 (N.D. Cal. 2020) ("It is well established that a complaint may not be amended by briefs in opposition to a motion to dismiss."). For their part, Defendants argue that any allegation that USCIS acted improperly with respect to the I-140 petition is "meritless." Reply 4.

Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Akimenko may file an amended complaint by June 15, 2022 if he can state a viable claim that challenges the revocation of his I-140 petition. If Akimenko does not file an amended complaint by that date, the court will enter judgment in Defendants' favor and close the case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is granted and Akimenko's claim that USCIS unreasonably delayed in acting on his I-485 application is dismissed as moot. Any amended complaint is due by no later than **June 15, 2022.**

**IT IS SO ORDERED.**

Dated: May 16, 2022

DONNA M. RYU
United States Magistrate Judge