1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    ANDREY NIKOLAEVICH AKIMENKO,          Case No.  21-cv-03738-DMR
8                       Plaintiff,
9            v.                            **ORDER ON MOTION TO DISMISS
                                           AMENDED COMPLAINT**
10   ALEJANDRO MAYORKAS, et al.,
                                           Re: Dkt. No. 39
11                      Defendants.
12
13          Plaintiff Andrey Nikolaevich Akimenko filed this action for a writ of mandamus seeking to

14   compel the adjudication of his Form I-485 Application to Adjust Status to Permanent Residence

15   against Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security

16   ("DHS"); Tracy Renaud, Acting Director, U.S. Citizenship and Immigration Services ("USCIS");

17   and John Kramar, District Director, USCIS's San Francisco Field Office.  Akimenko was

18   represented by counsel at the time he filed the complaint but now represents himself.  After the

19   complaint was filed, USCIS adjudicated the application and denied it on October 7, 2021.  The

20   court dismissed the complaint as moot and court granted Akimenko leave to file an amended

21   complaint, which he filed on July 21, 2022.  [Docket No. 31 (First Am. Compl., "FAC").]

22   Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the FAC.[1]

23   [Docket No. 39.]  Akimenko opposes the motion.  [Docket No. 40.]

24          After the briefing was completed, Defendants filed an administrative motion for leave to

25

26   ─────────────────────────

27   [1] Defendants makes a factual attack on subject matter jurisdiction, relying on extrinsic evidence
     outside the pleadings.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)
     ("in a factual attack [on jurisdiction], the challenger disputes the truth of the allegations that, by
28   themselves, would otherwise invoke federal jurisdiction.").  [*See* Docket No. 39-1 (Davis Decl.,
     Sept. 1, 2022).]

United States District Court
Northern District of California

file evidence of relevant USCIS's actions with respect to Akimenko, which he did not timely oppose.[2] [Docket Nos. 43, 43-1 (Smith Decl., Sept. 27, 2022).] *See* Civ. L.R. 7-11(b) (providing that any oppositions to motions for administrative relief "must be filed no later than 4 days after the motion has been filed.").

This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is granted. The administrative motion is also granted.

## I.       FACTUAL BACKGROUND & PROCEDURAL HISTORY

Akimenko's original complaint challenged Defendants' failure to timely adjudicate his Form I-485 application to adjust status to that of lawful permanent resident. Akimenko filed his I-485 application with DHS and USCIS on May 22, 2017. Compl. ¶ 2, Ex. A. He alleged that he is the beneficiary of an approved Form I-140 Immigrant Petition for Alien Worker, which was filed on his behalf by a company named VAAS, and therefore is eligible to adjust his status to that of a lawful permanent resident under 8 U.S.C. § 1255(a). Compl. ¶¶ 17, 28, Ex. B (May 2, 2018 Notice of Action).

Section 1255(a) states in relevant part:

> **(a) Status as person admitted for permanent residence on application and eligibility for immigrant visa**
>
> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C.A. § 1255(a). *See* Compl. ¶ 28.

---

[2] On October 10, 2022, Akimenko filed a "Motion for Leave to File a Notice of False Evidence and Federal Crime Committed by Defendants and Motion to Suppress Defendants' Evidence and Initiate Criminal Investigation" in which he states that he learned of Defendants' administrative motion on October 3, 2022. [Docket No. 45.] He contends that Defendants have "produc[ed] forged documents and present[ed] them to the Court as proper evidence" which "are federal crimes." *Id.* at 2. It appears that Akimenko contends that the documents submitted with Defendants' administrative motion are the product of "illegal adjudicat[ions]" of certain applications and resulted in "forged documents." *Id.* at 3. Akimenko provides no support for these contentions. The motion is denied.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Akimenko alleged that he appeared for three interviews before USCIS and submitted a

2    timely response to a Request for Evidence in connection with his application, but that USCIS

3    unreasonably delayed and refused to adjudicate his application to adjust status.  Compl. ¶¶ 12-15,

4    29.  He filed the complaint on May 18, 2021 under the Administrative Procedure Act ("APA"), 5

5    U.S.C. § 701 *et seq.*, seeking a writ of mandamus to compel Defendants to adjudicate his I-485

6    application to adjust status "without further delay."

7    The parties stipulated to stay the proceedings until October 15, 2021 pending USCIS's

8    review and adjudication of Akimenko's I-485 application.  The court granted the stipulation and

9    stayed the case the same day.  On October 5, 2021, USCIS issued a decision revoking its approval

10   of the Form I-140 petition filed by VAAS on Akimenko's behalf.  On October 7, 2021, USCIS

11   denied Akimenko's Form I-485 application on the ground that the underlying qualifying visa

12   petition (the Form I-140 petition) had been revoked.  [Docket Nos. 21-1, 26-1.]

13   On October 15, 2021, the parties filed a joint status report in which they reported that

14   USCIS had adjudicated Akimenko's I-485 application and asked the court to continue the stay of

15   the case until November 15, 2021 "to allow [Akimenko] sufficient time to review the decision of

16   the USCIS and dismiss the action."  The court granted the request and ordered the parties to file a

17   joint status report by November 15, 2021.  Akimenko's counsel subsequently moved to withdraw.

18   The parties filed a joint status report on November 18, 2021 in which they referenced the pending

19   motion to withdraw and asked that the court stay the proceedings until December 15, 2021 to

20   allow time for Defendants to file a response to the complaint.  The court set a hearing on the

21   motion to withdraw, ordered Akimenko to personally appear, and ordered Defendants to file a

22   response to the complaint by December 15, 2021.

23   Defendants moved to dismiss the complaint on December 15, 2021.  No opposition was

24   filed.  The court held a hearing on January 13, 2021 and granted the motion to withdraw and

25   extended the deadline for Akimenko to file any opposition to the motion to dismiss.  Akimenko

26   timely filed an opposition in which he argued that Defendants "'have never adjudicated' his I-485

27   application and instead made it 'invalid' by revoking the I-140 petition."  He also argued that the

28   revocation of the I-140 petition was "illegal, unreasonable, and groundless."  *Akimenko v.*

1   *Mayorkas*, No. 21-CV-03738-DMR, 2022 WL 1539519, at *4 (N.D. Cal. May 16, 2022).  On May

2   16, 2022, the court granted the motion to dismiss on the ground that the case is moot because

3   USCIS denied the application to adjust status on October 7, 2021.  It also held that the operative

4   complaint did not plead that USCIS wrongfully revoked the I-140 petition.  *Id.*  It granted

5   Akimenko leave to file an amended complaint by June 15, 2022 to "state a viable claim that

6   challenges the revocation of his I-140 petition."  *Id.*

7        Akimenko later moved for additional time to file the amended complaint, which the court

8   granted.  He filed the FAC on July 21, 2022.  He alleges that Defendants approved his I-140

9   petition on May 2, 2018, and that they "paid attention" to the I-140 petition only after they were

10  served with the original complaint.  FAC ¶¶ 13, 32.  Defendants then sent a Notice of Intention to

11  Revoke the I-140 petition on June 21, 2021, just over one month after he filed the complaint.  *Id.*

12  at ¶ 33; Davis Decl. ¶ 6.  Akimenko alleges Defendants "ignored, distorted and/or missed all

13  evidence existing in [his] file and gathered within years of adjudication" and thus "intentional[ly]

14  breach[ed]" his rights and the APA.  FAC ¶¶ 34, 37.  Akimenko alleges that in response to the

15  Notice of Intention to Revoke, he "pointed on all errors . . . made by Defendants, overruled point

16  after point all Defendants mistakeable and corrupted conclusions," but that "Defendants repeatedly

17  missed and corrupted all existing evidence and all Plaintiff's petitioner again [sic]," which was

18  unlawful.  *Id.* at ¶¶ 38, 39.  As noted, USCIS revoked the approval of the I-140 petition on

19  October 5, 2021.  Davis Decl. ¶ 7.  Akimenko alleges that Defendants did not provide an adequate

20  basis for revocation and thus was "without any reasonable ground."  FAC ¶¶ 40-42.  Finally,

21  Akimenko alleges that Defendants "hid . . . their unlawful actions during I-140 petition revocation

22  process and mislead the Court affirming that [he] obtained relief under Mandamus Act as

23  Defendants had already adjudicated I-485 petition."  *Id.* at ¶ 45.

24       On October 22, 2021, Akimenko appealed the October 5, 2021 revocation of the approval

25  of the I-140 petition.  *Id.* at ¶ 24; Davis Decl. ¶ 9.  On June 7, 2022, USCIS's Administrative

26  Appeals Office ("AAO") issued a decision withdrawing the revocation of the I-140 petition and

27  "return[ing] the appeal to the originating office for consideration."  FAC ¶ 25, Ex. 8; Davis Decl. ¶

28  10.  The decision states that on remand, "the Director may issue a new notice of intent to revoke to

United States District Court
Northern District of California

4

1    allow [VAAS] an opportunity to provide additional evidence relevant to the issues discussed [in

2    the opinion], and any other evidence deemed necessary to demonstrate eligibility for the

3    classification sought."  FAC Ex. 8 at 7.  According to USCIS Section Chief Margaret Davis, the

4    remand of the revoked I-140 petition reverted it to "approved status."  Davis Decl. ¶ 11.

5         Akimenko now asks the court to "invalidate Defendants' decision of the revocation of

6    approval for I-140 immigrant petition" for which he is the beneficiary; declare Defendants'

7    revocation of the I-140 petition "as illegal," and compel Defendants "to take appropriate action to

8    adjudicate [his] I-485 Application to Adjust Status without further delay."  FAC Prayer for Relief.

9         On August 29, 2022, USCIS reopened Akimenko's I-485 application and sent notice of the

10    same to Akimenko on September 1, 2022.  Davis Decl. ¶¶ 13, 14; Ex. thereto (Sept. 1, 2022

11    Service Motion).  Pursuant to the September 1, 2022 notice, Akimenko's I-485 application is in

12    "pending status" and he is eligible to apply for an Employment Authorization Document or an

13    advance parole (travel) document.  Sept. 1, 2022 Service Motion.

14         Defendants moved for additional time to respond to the FAC, which the court granted.

15    Defendants timely filed the instant motion to dismiss for lack of subject matter jurisdiction on

16    September 2, 2022, which Akimenko timely opposed.[3]

17         On September 17, 2022, USCIS granted Akimenko's I-765 and I-131 applications for

18    employment authorization and for travel.  Smith Decl. ¶¶ 5-7, Exs. thereto.

19    **II.**      **LEGAL STANDARD**

20         A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject

21    matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A court will dismiss a party's claim for lack of

22    subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by

23    prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve

24    a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation

25    and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  The challenging party may make a

26

27    [3] Akimenko also filed a "response to Defendants' Reply" in support of the motion to dismiss
without obtaining leave of court.  [Docket No. 42.]  The court declines to consider this filing.  *See*

28    Civ. L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letter may be filed
without prior Court approval . . .").

Case 4:21-cv-03738-DMR   Document 47   Filed 10/27/22   Page 6 of 8

facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

## III.    DISCUSSION

Defendants move to dismiss the FAC for lack of subject matter jurisdiction. Defendants argue that there is no final administrative action subject to review under the APA because the AAO withdrew the revocation of the approval of the I-140 petition and remanded the matter for further action and the I-140 petition is now in approved status. *See* FAC ¶ 25; Davis Decl. ¶ 11.

Under the APA, an individual may obtain judicial review of either an "[a]gency action made reviewable by statute" or a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The first category does not apply here because no statute authorizes judicial review of a denial of status adjustment. *See Cabaccang v. USCIS*, 627 F.3d 1313, 1315 (9th Cir. 2010).

As to the second category, since USCIS vacated its October 5, 2021 revocation of the approval of the I-140 petition, the revocation is not a "final agency action" under 5 U.S.C. § 704 and is not subject to review under the APA. *See Bhasin v. U.S. Dep't of Homeland Sec.*, 413 F. App'x 983, 985 (9th Cir. 2011) (holding that USCIS's reopening of plaintiff's I-130 visa petition rendered its prior order denying the petition non-final); *True Cap. Mgmt., LLC v. U.S. Dep't of Homeland Sec.*, No. 13-261 JSC, 2013 WL 3157904, at *3 (N.D. Cal. June 20, 2013) (holding that USCIS's reopening of plaintiff's H–1B petition rendered prior denial not the "final administrative work" in the matter (citing *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1408 (9th Cir. 1996)). Accordingly, the court lacks jurisdiction over the FAC because there is no final agency action

United States District Court
Northern District of California

6

1   subject to review.

2         Akimenko does not dispute that the October 5, 2021 revocation of the approval of the I-

3   140 petition is not a final agency action subject to review under the APA, but maintains that the

4   revocation was "illegal and baseless" and violated the APA.  He also argues that the revocation

5   damaged him and VAAS.  Opp'n 2.  According to Akimenko, the revocation "corrupted" his

6   business reputation; made it impossible to hire staff; caused "time losses, expressed in absence to

7   live and work normally since June 21, 2021"; and deprived him of the ability to travel abroad for

8   business and personal reasons.  *Id*.  He also argues that the reopening of the I-485 application

9   "doesn't prevent Defendants from repeated illegal actions against" him.  *Id*. at 3.[4]  However, the

10  FAC seeks relief from the October 5, 2021 revocation of the approval of the I-140 petition, which

11  is now in approved status.  Akimenko's related I-765 and I-131 applications for employment

12  authorization and for travel have also been approved.  While the court acknowledges Akimenko's

13  claims that Defendants violated the APA in revoking the prior approval of the I-140 petition and

14  caused him damages, the rights and obligations of the I-140 petition have not yet been determined

15  because USCIS may decide not to revoke the approval of the petition and may grant or deny the I-

16  485 application accordingly.  In other words, USCIS has not made a "final agency action" that is

17  reviewable under the APA.  The court thus lacks jurisdiction over Akimenko's claims.

18  //

19  //

20  //

21  //

22  //

23  //

24

25

26  [4] Akimenko also challenges portions of Davis's declaration, arguing that he did not receive the
    "Service Motion" until September 4, 2022, three days after the date of the document, and that the
27  name and address of the attorney on the document was incorrect.  Opp'n 4.  However, he does not
    explain how these issues render the declaration "fake" and "unacceptable evidence."  The
28  objections are denied.

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the FAC for lack of subject matter jurisdiction is granted, as is Defendants' administrative motion.  The dismissal is without prejudice to Akimenko's ability to file a new case if USCIS issues a final action on his I-140 petition and jurisdiction lies in this court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 27, 2022



Donna M. Ryu
United States Magistrate Judge